UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRYAN SENTELL MCLEOD, | Case No. 2:26-cv-00090-DCN |
| Plaintiff, | **INITIAL REVIEW ORDER** |
| v. | |
| SHOSHONE COUNTY, IDAHO; SHOSHONE COUNTY PROSECUTING ATTORNEY'S OFFICE; SHOSHONE COUNTY SHERIFF'S OFFICE AND JAIL; SHOSHONE COUNTY COURTHOUSE AND CLERK OF COURT'S OFFICE; JACKSON COUNTY, OREGON; JACKSON COUNTY SHERIFF'S OFFICE AND JAIL; KING COUNTY, WASHINGTON; PORT OF SEATTLE POLICE DEPT.; JOHN DOES 1-20. | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiff Bryan Sentell Mcleod's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review Mcleod's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Mcleod's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

INITIAL REVIEW ORDER - 1

For the reasons explained below, the Court GRANTS Mcleod's application to proceed in forma pauperis and DISMISSES the case WITHOUT PREJUDICE.

## II. BACKGROUND

Mcleod alleges that Defendants, acting under color of state law in Idaho, Oregon, and/or Washington, violated his Constitutional rights and subjected him to repeated unlawful arrests and detentions based on an invalid and improperly maintained warrant, seized and retained property and bail funds in violation of Due Process, denied him necessary medical care while in custody, obstructed access to the courts, and engaged in racially discriminatory conduct. Dkt. 2, at 4. Mcleod claims that these actions caused him to suffer a prolonged incarceration, loss of liberty, loss of property, physical injury, and emotional distress, all in violation of his constitutional rights. *Id.* Mcleod brings this action against Defendants under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. *Id.*

## III. LEGAL STANDARD

### A. IFP Application

In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

### B. Pleading Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards,

Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). "Bare assertions" and conclusory allegations without adequate factual support are not enough. *Id.* At 681.

Under 28 U.S.C. § 1915(e)(2), the Court is required to screen complaints filed in forma pauperis. The Court must dismiss any action or claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* "These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule." *Nevarez v. Idaho Dep't of Corr.*, 2023 WL 3886484, at *1 (D. Idaho June 8, 2023), *aff'd sub nom. Nevarez v. Idaho Dep't of Corr.*, 2024 WL 4562746 (9th Cir. Oct. 24, 2024).

INITIAL REVIEW ORDER - 3

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Fed. R. Civ. P. 12(b)(6)), *superseded by statute on other grounds, Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

Moreover, "under what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

## IV. DISCUSSION

As an initial matter, Mcleod appears to be totally indigent. The Court, therefore, GRANTS his application to proceed in forma pauperis.

Turning to the Complaint, as discussed below, Mcleod fails to state a claim upon which relief may be granted, and he seeks monetary relief against defendants who are immune from such relief. The Court must, therefore, DISMISS the Complaint. The Court will, however, grant Mcleod 30 days to amend the Complaint.

### A. § 1983 Claims

Mcleod brings claims under § 1983, which provides a cause of action for civil rights violations. To state a plausible civil rights claim, a plaintiff must allege that a person acted

INITIAL REVIEW ORDER - 4

under color of state law, and that the person's act proximately caused a violation of rights protected by the Constitution or created by federal statute. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Eleventh Amendment bars suits against a State: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Local governments, however, are not entitled to Eleventh Amendment immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 369 (2001). "A county is subject to section 1983 liability for such suits if its policies, whether set by the government's lawmakers 'or by those whose edicts or acts that may fairly be said to represent official policy,' caused the particular constitutional violation at issue." *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

Bringing a § 1983 claim against a county police department is essentially bringing the claim against the county, not the State. *See Annan-Yartey v. Honolulu Police Dep't*, 351 F. App'x 243, 246 (9th Cir. 2009); *see also Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2014) (holding a California sheriff's department as "a county actor subject to suit under § 1983" because it "performs the function of conducting criminal investigations."). By contrast, a district attorney's office "acts as a state office with regard to actions taken in its prosecutorial capacity, and is not subject to suit under § 1983." *Jackson*, 749 F.3d at 767. Similarly, a county court is also "entitled to immunity under the Eleventh Amendment." *Bilyeu v. Myers*, 649 F. App'x 372, 373 (9th Cir. 2016) (citing *Krainski v. Nev. ex rel. Bd.*

INITIAL REVIEW ORDER - 5

*of Regents of Nev. Sys. of Higher Educ.,* 616 F.3d 963, 967 (9th Cir. 2010)). This immunity likewise extends to court clerks. *See Ellis v. Cnty. of El Dorado*, 2022 WL 6765809, at *1 (E.D. Cal. Oct. 11, 2022) (citing *Simmons v. Sacramento Cnty. Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003)).

To bring a § 1983 claim against a local governmental entity subject to municipal liability under *Monell*, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Streit*, 236 F.3d at 559. Under *Monell*, the requisite elements of a § 1983 claim against such an entity are: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

### 1. Wrongful Arrest Claims

The Court construes Mcleod's claims concerning the 2018 arrest, the warrant maintenance, and refusal to extradite as asserted against Shoshone County, Idaho.[1] The Court further construes the allegedly wrongful 2022 arrests claims as asserted against Jackson County, Oregon Sheriff's Office and Jail; King County, Washington; and Port of Seattle Police Department.

Mcleod's Complaint fails to indicate any policy or custom as the propelling force behind the alleged violation of his rights. Thus, his claims against these defendants are not

---

[1] Shoshone County Sherriff's Office and the Shoshone County Jail are arms of the county and thus redundant defendants. *Hearn v. Truesdale*, 2025 WL 3101761, at *3–4 (D. Idaho Nov. 6, 2025).

INITIAL REVIEW ORDER - 6

cognizable under *Monell* and fail as a matter of law.

Mcleod may attempt to remedy this deficiency in an amended complaint.

*2. Unreasonable Seizure / Procedural Due Process Claims*

The Court construes Mcleod's claim that his bail was wrongfully withheld to be asserted against Jackson County, Oregon. The Court treats the claim regarding the seizure of $27,000 in cash while at Seattle-Tacoma International Airport to be asserted against King County, Washington and the Port of Seattle Police Department.

Mcleod's Complaint fails to indicate any policy or custom as the propelling force behind the alleged violation of his rights. Thus, his claims against these defendants are not cognizable under *Monell* and fail as a matter of law.

Additionally, Mcleod's claims that Jackson County, Oregon denied his motion for return of bail is an attempt to appeal an Oregon State court's final judgment. Such claims are prohibited by the *Rooker-Feldman* doctrine. *Lance*, 546 U.S. at 463.

Mcleod may attempt to remedy these deficiencies in an amended complaint.

*3. Deliberate Indifference Claim.*

Mcleod's Complaint fails to identify the entity from which he seeks relief regarding his claim that he was denied necessary medical care while in custody. Nevertheless, since all defendants are governmental entities, Mcleod's Complaint must identify a policy or custom that caused the constitutional violation. *Streit*, 236 F.3d at 559. The Complaint fails to do so. Thus, Mcleod's claims against these defendants are not cognizable under *Monell* and fail as a matter of law.

Mcleod may attempt to remedy these deficiencies in an amended complaint.

INITIAL REVIEW ORDER - 7

*4. Denial of Access to the Courts*

The Court construes Mcleod's denial of access to the courts claim to be asserted against the Idaho District Court for the First Judicial District and the First Judicial District Clerk's Office.[2]

Idaho courts are entitled to Eleventh Amendment immunity: "[A] plaintiff may not sue the State of Idaho or the Idaho state courts in federal court because such claims are barred by the Eleventh Amendment." *Harris v. Att'y Gen.*, 2025 WL 2675938, at *3 (D. Idaho Sept. 17, 2025) (citing *Simmons*, 318 F.3d at 1161). "The clerk of court is also a non-viable section 1983 defendant." *Ellis v. Cnty. of El Dorado*, 2022 WL 6765809, at *1 (E.D. Cal. Oct. 11, 2022) (citing *Simmons*, 318 F.3d at 1161).

Because Mcleod's denial of access to the courts claims are asserted against parties which enjoy Eleventh Amendment immunity, those claims must be DISMISSED.

Mcleod may attempt to remedy these deficiencies in an amended complaint.

*5. Equal Protection / Due Process Claim*

The Court construes Mcleod's claim that the 2018 Idaho stop and arrest were based on racial prejudice to be asserted against Shoshone County, Idaho.

Again, this claim fails under *Monell* because Mcleod did not allege that the defendants have a policy or custom of racial discrimination.

Mcleod may attempt to remedy these deficiencies in an amended complaint.

---

[2] Although the Complaint lists the Shoshone County Courthouse and Clerk's Office as defendants, the Courthouse is a building rather than a legal entity. Additionally, Idaho courts and clerk's offices are arms of the state, not of the counties in which they sit. The Court, therefore, construes the Complaint as suing the correct defendants.

*6. Unconstitutional Pretrial Detention*

Construing the Complaint liberally, the Court treats Mcleod's claim regarding the detention while awaiting trial to be asserted against Shoshone County, Idaho. Again, the Complaint fails to indicate any policy or custom as the propelling force behind the alleged violation of his rights. Thus, Mcleod's claim against these defendants is not cognizable under *Monell* and fails as a matter of law.

The Court is uncertain why Mcleod's Complaint lists Shoshone County Prosecutor's Office as a defendant. He has not made any explicit allegations against this defendant. The Court infers that this is somehow related to Mcleod's acquittal at trial. Nevertheless, a county prosecutor's office is entitled to Eleventh Amendment immunity. *See Jackson*, 749 F.3d 755, 767 (9th Cir. 2014).

Mcleod may attempt to remedy these deficiencies in an amended complaint.

## B. § 1985 Claims

§ 1985 prohibits conspiracies to interfere with civil rights. To state a claim under § 1985(2) or (3), a plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (holding that claims under §§ 1985(2) and 1985(3) require the element of class-based animus).

Mcleod's Complaint does not allege that he is a member of a racial group or other protected class against whom a conspiracy was perpetrated, nor has he alleged facts

INITIAL REVIEW ORDER - 9

sufficient to support a plausible inference of a conspiracy. Therefore, the Complaint fails to state a claim upon which relief may be granted.

Mcleod may attempt to remedy these deficiencies in an amended complaint.

### C. § 1986 Claims

§ 1986 provides that persons who negligently fail to prevent a wrongful conspiracy, as described in § 1985, may be liable to the party injured.

Because Mcleod has not stated a plausible § 1985 claim in his Complaint, his § 1986 claim is one on which relief cannot be granted. Mcleod may attempt to remedy these deficiencies in an amended complaint.

### D. § 1988 Claims

§ 1988 authorizes the Court to award parties who prevail under §§ 1981–86 attorney's fees and costs. Because Mcleod's Complaint does not state a claim upon which relief can be granted, his § 1988 claim becomes invalid.

### E. Leave to Amend Complaint

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003). Because Mcleod *may* be able to state a claim upon relief can be granted, the Court will allow him an opportunity to amend his Complaint to remedy its deficiencies.

**ORDER**

**IT IS ORDERED:**

1. Mcleod's Complaint is DISMISSED without prejudice.

2. Mcleod is GRANTED leave to amend. Any such amended complaint must be filed

INITIAL REVIEW ORDER - 10

within 30 days from the entry of this Order.

3. **If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice**.

DATED: June 15, 2026

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER - 11