UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

BRYAN SENTELL MCLEOD,

Plaintiff,

v.

SHOSHONE COUNTY, IDAHO; SHOSHONE COUNTY PROSECUTING ATTORNEY'S OFFICE; SHOSHONE COUNTY SHERIFF'S OFFICE AND JAIL; SHOSHONE COUNTY COURTHOUSE AND CLERK OF COURT'S OFFICE; JACKSON COUNTY, OREGON; JACKSON COUNTY SHERIFF'S OFFICE AND JAIL; KING COUNTY, WASHINGTON; PORT OF SEATTLE POLICE DEPT.; JOHN DOES 1-20.

Defendants.

Case No. 2:26-cv-00090-DCN

**SECOND INITIAL REVIEW ORDER**

## I. INTRODUCTION

On February 18, 2026, Plaintiff Bryan McLeod filed an Application for Leave to Proceed in Forma Pauperis (Dkt. 1) and a Complaint against Defendants (Dkt. 2). The Court granted the Application for Leave to Proceed in Forma Pauperis and dismissed the Complaint without prejudice, granting leave to amend within 30 days. Dkt. 4. Within that

period, McLeod filed the Amended Complaint. Dkt. 6. The Court reviews the expanded claims alleged in the Amended Complaint and finds they remain insufficient to pass the pleading bar. For the reasons outlined below, the Court DISMISSES the Amended Complaint WITHOUT PREJUDICE.

## II. BACKGROUND

As stated in the Amended Complaint, McLeod is suing Defendants under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 for allegedly violating his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights under the federal Constitution. Dkt. 6, at 1, 7. Specifically, he claims Defendants, acting under color of state law in Idaho, Oregon, and/or Washington, violated his constitutional rights by subjecting him to repeated unlawful arrests based on an improperly maintained warrant, seizing and retaining property and bail funds, denying him necessary medical care while in custody, obstructing access to the courts, and engaging in racially discriminatory conduct. *See generally* Dkt. 6.

McLeod claims to have suffered wrongful and prolonged incarceration, loss of liberty, loss of property, loss of income and housing, physical injury, emotional distress, reputational harm, and loss of family and community ties. *Id.* at 9. He seeks relief in the form of a declaration that Defendants violated his constitutional rights, as well as compensatory and putative damages totaling $1,575,000. *Id.*

## III. LEGAL STANDARD

During an initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating

their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). To survive initial analysis under 28 U.S.C. § 1915(e)(2): (1) the complaint must be neither frivolous nor malicious; (2) the complaint must state a claim upon which relief can be granted; (3) and the complaint must not seek monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii).

To bring a § 1983 claim against a local governmental entity subject to municipal liability, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Streit v. County of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Such claims are known as *Monell* claims. The requisite elements of a *Monell* claim are: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino County*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). *Monell* claims cannot stand if they "lack any factual allegations that would separate them from the formulaic recitation of a cause of action's elements deemed insufficient by" the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation modified).

## IV. ANALYSIS

As was the case in the previous Order (Dkt. 4), McLeod fails to allege sufficient facts to raise a cognizable *Monell* claim. However, to his credit and contrary to the original

Complaint (Dkt. 2), the Amended Complaint includes language in each claim that outlines the required elements of a *Monell* claim. Even so, it fails to allege sufficient facts to support the claims and instead merely recites the elements.

The Amended Complaint also fails to remedy two other deficiencies in the original Complaint: (1) McLeod essentially petitions the Court to appeal the decisions of an Oregon and Washington state court, and (2) he raises claims against a party immune from liability under the Eleventh Amendment.

For these reasons, the Amended Complaint must be DISMISSED. The Court addresses each of McLeod's claims below.

**A. Section 1983 Claims**

*1. Wrongful Arrests and Defective Warrant Claims*

McLeod brings his wrongful arrests and defective warrant claim ("Count I") against Shoshone County, Shoshone County Sheriff's Office and Jail, Jackson County, Jackson County Sheriff's Office and Jail, King County, and Port of Seattle Police Department. McLeod's Count I claims regarding the 2018 arrest, outstanding warrant, and subsequent arrests are not cognizable *Monell* claims because they fail to allege sufficient facts.

McLeod alleges that he suffered harm from an unlawful arrest in 2018 and an improperly maintained warrant. Dkt. 6, at 3. He alleges the warrant caused potential landlords and employers to treat him as a fugitive, causing them to refuse to rent to him or hire him. *Id.* at 4. He also alleges that the outstanding warrant resulted in unlawful arrests and detentions in Washington and Oregon. *Id.* at 3–4. McLeod contends that (i) maintaining warrants without review or correction after extradition refusals, and (ii) detaining

individuals based on out-of-state warrants without independently verifying the issuing jurisdiction's intention to extradite or based on independent probable cause violated his Fourth and Fourteenth Amendments rights.

The 2018 wrongful arrest claim is not cognizable under *Monell*. First, although McLeod claims Defendants violated his Fourth and Fourteenth Amendment rights, he does not explain how this is the case. He alleges he was arrested without probable cause and on the basis of his race, but he leaves this conclusion bare by failing to include supporting facts. Second, even if McLeod is correct that the 2018 arrest was racially motivated, he fails to identify with sufficient detail any of the arresting police department's policies or customs of arresting individuals based on race. Third, he does not explain how such a policy or custom led to the deliberate indifference of his rights. Fourth, he does not allege that any policy or custom was the moving force behind such a deliberate indifference of his rights. As such, this claim must be dismissed.

McLeod's improperly maintained warrant claim also fails. He claims (1) the failure to properly maintain his warrant, (2) arresting him without checking the veracity of the warrant, and (3) arresting him on the basis of the warrant's existence rather than independent probable cause constitutes a violation of his Fourth and Fourteenth Amendment rights. *Id.* at 5–6. First, McLeod fails to explain how any of these allegations amount to constitutional violations. Second, he asserts Defendants had a policy or custom of (1) not properly maintaining warrants, (2) not checking if an outstanding warrant is proper before arrest, and/or (3) arresting him on the basis of the outstanding warrant rather than on independent probable cause. However, he fails to allege facts supporting the

conclusion that these are actual policies or customs held by these entities rather than isolated incidents. Furthermore, McLeod fails to adequately allege any underlying constitutional violation or an actionable policy or custom. Thus he necessarily fails to satisfy the remaining elements of his *Monell* claims.

McLeod's claims against Defendants are a mere recitation of the elements set forth in *Monell* and lack supporting factual allegations. Therefore, Count I must be dismissed.

*2. Deprivation of Property Without Due Process Claims*

McLeod brings his deprivation of property without due process claim ("Count II") arrests and defective warrant claims ("Count I") against Jackson County, Jackson County Sheriff's Office and Jail, King County, and Port of Seattle Police Department. McLeod alleges that by failing to return $50,000 of cash bail to him, Jackson County and the Jackson County Sheriff's Office and Jail deprived him of his property without due process because they did so "without conducting a forfeiture hearing, providing notice, or affording Plaintiff any opportunity to be heard." *Id.* at 6. But McLead did have an opportunity to be heard—he filed a motion for return of property and review of bail waiver in Oregon State court, which the court denied. *Id.* at 3. Count II is thus an attempt to appeal an Oregon State court's final judgment. Such claims are prohibited by the *Rooker-Feldman* doctrine. *Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("[L]ower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."). His claim that the Port of Seattle Police Department violated his constitutional rights by detaining him and seizing approximately $27,000 in cash cannot stand for the same reason. The issue has already been litigated in Washington State court and therefore cannot be litigated here. Because

Count II is foreclosed by the *Rooker-Feldman* doctrine, it must be dismissed with prejudice.

*3. Deliberate Indifference Claim*

McLeod brings his deliberate indifference to serious medical needs claim ("Count III") against Shoshone County and the Shoshone County Sheriff's Office and Jail. McLeod alleges Shoshone County Sheriff's Office and Jail—acting pursuant to a "custom of providing minimal medical screening to newly arriving detainees regardless of visible injury—delayed, minimized, and denied adequate medical care." Dkt. 6, at 7. After McLeod was shot in the hand in what might have been a racially-motivated murder attempt, Shoshone County law enforcement arrested McLeod pursuant to the previously mentioned outstanding warrant. *Id.* at 4. They took him to the county jail, and while there he alleges to have "made repeated requests for treatment that were ignored." *Id.* at 7. He claims this violated his Eighth and Fourteenth Amendment rights. *Id.*

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976)). To prevail on an inadequate medical care claim under the Eighth Amendment, plaintiffs must show prison officials exhibited "deliberate indifference" to their "serious medical needs." *Estelle*, 429 U.S. at 104.

McLeod's claim again is not cognizable. First, he fails to allege sufficient facts showing an Eighth Amendment violation. He states he "was in obvious need of immediate

medical attention" but the jail officials failed to conduct "proper medical intake and triage procedures." Dkt. 6, at 7. These allegations are insufficient to support the conclusion that the jail officials were deliberately indifferent to his wound. He also fails to allege facts supporting the conclusion that his injury was a serious medical need. Although he claims he sustained injuries from a gunshot wound, he does not allege any facts indicating the seriousness of the wound nor the necessity of imminent treatment. Second, his claim that the alleged mistreatment is a custom or that the jail staff lack proper training lacks supporting factual allegations. Claiming this is a custom without including supporting factual allegations amounts to nothing more than a mere recitation of the elements, which is wholly inadequate to raise a cognizable *Monell* claim. Further, he fails to explain at all how these defendants violated his Fourteenth Amendment rights.

Count III fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. McLeod merely recites the elements of a *Monell* claim without alleging sufficient facts to uphold such as claim, and therefore, Count III must be dismissed.

*4. Denial of Access to the Courts*

McLeod brings his denial of access to courts claim ("Count IV") against Shoshone County and the Shoshone County Sheriff's Office and Jail.

Although McLeod claims to have relinquished any allegations against the Shoshone County Clerk of the Court's Office in the Amended Complaint (Dkt. 6, at 2), it includes allegations that this former defendant violated his First and Fourteenth Amendment rights by refusing to file his "next-friend habeas corpus petition." *Id.* at 7. The Shoshone County

Clerk of the Court's Office is not a defendant, and even if it were, again, Eleventh Amendment immunity is extended to court clerks. *See Ellis v. County of El Dorado*, 2022 WL 6765809, at *1 (E.D. Cal. Oct. 11, 2022) (*citing Simmons v. Sacramento County Sup. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003)). Therefore, this claim must be dismissed.

McLeod also alleges Shoshone County Sheriff's Office and Jail violated his First and Fourteenth Amendment rights by denying him access to legal materials, which allegedly "[made] independent filing impossible." Dkt. 6, at 7. However, this allegation is not supported by specific facts, nor does McLeod allege specific facts about how being denied access to legal materials or law library resources hindered his ability to pursue his claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (finding that *Bounds v. Smith*, 430 U.S. 817 (1977) did not create an abstract, freestanding right to a law library or legal assistance and that a plaintiff must show that the alleged shortcomings hindered his efforts to pursue a legal claim). McLeod fails to allege any facts which might show (1) how this violates his First or Fourteenth Amendment rights, (2) there is a policy or custom, (3) the policy or custom amounted to a deliberate indifference of his constitutional rights, and (4) the policy or custom was the moving force. Without such facts, Count IV must be dismissed.

*5. Equal Protection / Due Process Claim*

McLeod brings his equal protection/due process claim ("Count V") against Shoshone County and the Shoshone County Sheriff's Office and Jail. McLeod claims the 2018 arrest and the allegedly improper warrant maintenance were racially motivated, violating the Fourteenth Amendment. Dkt. 6, at 7–8. He claims those racially motivated

acts happened due to a custom of failing to train officers not to racially profile suspects. *Id.* at 8.

Again, McLeod fails to allege sufficient facts to support a *Monell* claim. First, he includes no facts supporting the conclusion that the arrest or allegedly improper warrant maintenance was racially motivated. Second, although he concludes these defendants employ a policy or custom of failing to adequately train officers on racial profiling, he does not allege any facts supporting such a conclusion. Third, even if these defendants did violate his constitutional rights in these instances, McLeod fails to allege any facts showing their deliberate indifference toward such rights. Fourth, he does not allege any facts showing that such a policy or custom was a moving force in this instance.

Because McLeod's claim is nothing more than a formulaic recitation of a *Monell* claim's elements and lacks supporting facts, Count V must be dismissed.

**B. Sections 1985 and 1986 Claims**

McLeod brings his conspiracy to interfere with civil rights claim ("Count VI") against all Defendants. McLeod claims Defendants acted in concert and were motivated by racial bias to deprive him of his constitutional rights. *Id.*

Section 1985 prohibits conspiracies to interfere with civil rights. To state a claim under § 1985(2) or (3), a plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (holding that claims under §§ 1985(2) and 1985(3) require the element of class-based animus). Further, "[a] claim under this section must allege facts to support the

allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

Although McLeod alleges a racially discriminatory animus behind Defendants' actions, he does not include any facts supporting such a conclusion. He also does not allege any facts supporting the conclusion that Defendants conspired together to violate McLeod's constitutional rights. Again, without supporting facts, these claims remain bare and conclusory.

Moreover, even if McLeod did allege sufficient facts, his claim would still fail. "[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004). Because he failed to raise a cognizable § 1983 claim, his § 1985 claim likewise fails.

McLeod's allegations are bare and conclusory, and as such, Count VI must be dismissed.

**C. Section 1988 Claims**

Section 1988 authorizes the Court to award parties who prevail under §§ 1981–86 attorney's fees and costs. Because the Amended Complaint does not state a claim upon which relief can be granted, his § 1988 claim (Count VII) is invalid and likewise dismissed.

**D. Leave to Amend Complaint**

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003). Because McLeod may be able to state a claim upon relief can be granted for Counts I, III, IV, V, VI,

and VII, the Court will allow him an opportunity to file another amended complaint to remedy the deficiencies identified above. Because the Court finds amendment will not cure the deficiencies in Count II, McLeod may not amend this claim.

## V. CONCLUSION

Although McLeod included the elements of a *Monell* claim in the Amended Complaint, his claims lack sufficient factual allegations. He merely recites the elements without providing sufficient underlying facts. He also failed to follow the Court's guidance in the previous Order (Dkt. 4) by again attempting to relitigate claims which have already been adjudicated in state courts, and by raising claims against defendants who enjoy Eleventh Amendment immunity.

In sum, McLeod has failed to state a claim upon which relief can be granted, and he seeks monetary relief from defendants immune from such relief. Therefore, his claims must be DISMISSED. However, the Court will GRANT McLeod leave to amend Counts I, III–VII so that he may remedy these deficiencies.

## VI. ORDER

**IT IS ORDERED:**

1. Count II is DISMISSED with prejudice.
2. Counts I, III, IV, V, VI, and VII are DISMISSED without prejudice.
3. McLeod is GRANTED leave to amend Counts I, III, IV, V, VI, and VII. Any such amended complaint must be filed within thirty days of the entry of this Order.

4. **If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice.**

DATED: September 16, 2026

David C. Nye
U.S. District Court Judge